IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN & CASSANDRA SPRINGER, Individually and as Guardians Ad Litem for their minor children CAMERON S. and CHRISTIAN S., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF PLACER; THOMAS LIND, individually and as an employee of the COUNTY OF PLACER; RHONDA LARSON, individually and as an employee of the COUNTY OF PLACER; DAVID JOHNSON, individually and as an employee of the COUNTY OF PLACER; JENNIFER COOK, individually and as an employee of the COUNTY OF PLACER; DEBBIE MORRIS, individually and as an employee of the COUNTY OF PLACER; LISA GRIMALDI, individually and as an employee of the COUNTY OF PLACER; and Does 1-10 inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 02:06-cv-0310-GEB-DAD <br><br><br><br><br><br> ORDER |

Defendants filed a motion to dismiss on April 21, 2006, which was noticed for hearing on May 22, 2006. Under Local Rule 78-230(c), Plaintiffs had until May 8, 2006, to timely respond to the motion. See L.R. 78-230(c) (stating "[o]pposition, if any, to the granting of the motion . . . shall be filed with the Clerk not less than fourteen (14) days preceding the noticed . . . hearing date").

1

On May 15, 2006, one week after the deadline had passed, Plaintiffs filed an opposition to the motion.  In addition, Plaintiffs filed an ex parte application, a declaration, and a proposed order requesting their opposition "be deemed timely filed" and the hearing date be continued.  (See Proposed Order at 2.)  On May 17, 2006, Defendants filed a response to the ex parte application, which states they "neither oppose nor support [P]laintiffs' request for continuance of the . . . hearing."

In the declaration Plaintiffs' counsel states he did not timely file the opposition in accordance with Local Rule 78-230(c) because his office assistant "simply forgot to calendar the motion or advise [him] of its existence."  (Powell Decl. ¶ 5.)  This excuse erroneously assumes that counsel's office assistant, rather than counsel, is responsible for ensuring compliance with filing deadlines.  Even when a non-attorney is given the task of a court deadline, "it should never be forgotten that the attorney of record is ultimately responsible for . . . [compliance with that deadline]."  Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).  "It is . . . the professional duty of the attorney of record to ensure . . . compl[iance] with the applicable rules."  Id.

Obviously, counsel must "focus some attention on the importance of [filing documents on time] and of devising a system which will avoid tardiness and complicating delays in the administration of the business of the Court."  In re Allis, 531 F.2d 1391, 1393 (9th Cir. 1976).  Filing deadlines are "not whimsically created," but rather "serve to effectuate an efficient system for the orderly resolution of legal disputes."  Dela Rosa, 136 F.3d at 1244 (stating "[t]he cogs of the wheel of justice move much more smoothly

2

1  when attorneys . . . follow the rules of practice and procedure");
2  Legault v. Zambarano, 105 F.3d 24, 28 (1st Cir. 1997) (noting "a
3  party's failure to file pretrial papers in a timely manner" often
4  causes "unnecessary preparation, confusion or distraction"); In re
5  Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989)
6  (stating "[t]imetables for the submission of responding papers . . .
7  are intended to provide a framework for the fair, orderly, and
8  efficient resolution of disputes").

9  Plaintiffs' ex parte request to deem their opposition timely
10 is nonsensical since, as Plaintiffs' counsel should know, it was
11 clearly and inexcusably untimely.  I will not deem the opposition
12 timely because that is untrue.  Cf. Legault, 105 F.3d at 29 (1st Cir.
13 1997) (stating "parties should not be allowed casually to flout [due
14 dates] or painlessly to escape the foreseeable consequences of
15 noncompliance").  Plaintiffs' counsel should also know that "[e]x
16 parte applications are not intended to save the day for parties who
17 . . . failed to [file] when they should have."  In re Intermagnetics,
18 101 B.R. at 193.  Further, Plaintiffs and their counsel are warned
19 that sanctions jurisprudence can be invoked when a filing deadline is
20 missed.

21 Since Plaintiffs' opposition has been filed and measures can
22 be taken in this instance to cope with the disruption to the orderly
23 framework for handling the motion, those measures are invoked.
24 Accordingly, the opposition to the motion will be considered; any
25 reply to the opposition shall be filed no later than May 29, 2006.  In
26 addition, the motion is submitted; a hearing will be scheduled only if
27 considered necessary.  See L.R. 78-230(h) (stating a motion "may be
28

submitted upon the record and briefs on file . . . subject to the power of the Court to reopen the matter for . . . oral arguments").

IT IS SO ORDERED.

Dated:  May 18, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge